IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORTHERN CALIFORNIA MINIMALLY
INVASIVE CARDIOVASCULAR SURGERY,
INC., a California Medical Corporation, and
RAMZI DEEIK, M.D., an individual,

No. C 15-06283 WHA

Plaintiffs,

v.

NORTHBAY HEALTHCARE CORPORATION, a
California public benefit corporation, NORTHBAY
HEALTHCARE GROUP, INC., a California public
benefit corporation, and NORTHBAY
HEALTHCARE MEDICAL GROUP, INC.,

**ORDER FOLLOWING
EVIDENTIARY
HEARING**

Defendants.
/

Following an evidentiary hearing at which plaintiff Ramzi Deeik and his former partner, Robert Klingman both testified, the Court finds as follows, but reserves the right to make further findings on this incident. At all times during this litigation, Deeik had access to and control over all NVCTS records, that he *knew* he had such access and control, and that he *knew* that Klingman did *not* have such control. Deeik's "belief" that the records in storage were all non-responsive was entirely without foundation. Deeik intentionally misled defendants when, without ever searching the records in the storage facility, he signed discovery responses averring that he had produced all relevant documents in his possession. The statement of counsel for plaintiffs to defense counsel and to the Court that only Klingman had possession and control was false and irresponsible.

As ordered at the hearing, plaintiffs must turn over *every single item* in the subject storage facility (which plaintiffs represented comprised forty boxes plus some digital media). Defendants are entitled to review the entirety of the contents of that facility *regardless of*

*whether it would have been responsive to a prior discovery request*. As agreed at the hearing, plaintiffs' counsel shall deliver the boxes from the storage facility to defense counsel's office by **DECEMBER 1 AT 5:00 P.M.** Plaintiffs shall also give defendants access to all of the computers that Deeik took possession of following the dissolution of NVCTS by **DECEMBER 8 AT NOON**.

Defense counsel shall promptly inform the Court of the date on which they can complete review of the records. Defense counsel shall maintain an index of all useful and probative documents uncovered via this search, even if they would not have been responsive to a specific discovery request. This is without prejudice to whether any such records will be admissible.

Once the review is completed and the extent of the responsiveness of the records is known, defendants may bring a formal motion seeking appropriate sanctions, which requested sanctions may include adverse inferences, money sanctions to be paid before the lawsuit can proceed further, or terminating sanctions, though none of these are yet approved. The Court reserves the right to deny all relief or to grant attorney's fees to *plaintiff*, should the review of the withheld documents prove a wasteful and fruitless exercise.

This is without prejudice to other aspects ordered at the hearing.

**IT IS SO ORDERED.**

Dated: December 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2